UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAURENE GRAMLING LAMBACH
and CHRIS R. LAMBACH,

PLAINTIFFS,

v.  Case No. 21-CV01032

BRIAN CONTE and
MILWAUKEE COUNTY, a political subdivision,

DEFENDANTS.

NOW COME the plaintiffs, Laurene Gramling Lambach and Chris R. Lambach, by their attorneys, Terschan, Steinle, Hodan & Ganzer, Ltd., by Michael J. Ganzer, and for their causes against the above-named defendants, allege and show to the Court as follows:

## I. INTRODUCTION

1. This is a federal civil rights action under the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution and Title 42 of the United States Code §1983. The plaintiffs bring this action to obtain compensatory damages, punitive damages, attorney's fees, costs and any and all further relief as a result of the unlawful arrest of Laurene Gramling Lambach which occurred on November 20, 2018. The conduct of the defendants and the constitutional violations suffered by Laurene Gramling Lambach occurred as a direct result of the unconstitutional policies of Milwaukee County, the Milwaukee County Sheriff's Department and their agents, particularly, defendant, Brian Conte, stemming from the unlawful arrest of Laurene Gramling Lambach.

## II. JURISDICTION AND VENUE

2. This action arises under the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution and Title 42 of the United States Code §1983. Jurisdiction of the Court is conferred by Title 28 of the United States Code §1331 and §1343a (3)(4).

## III. VENUE

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to Title 28 of the United States Code, §1391b because it is the judicial district where the constitutional rights violations of Laurene Gramling Lambach were committed.

## IV. PARTIES

4. Plaintiff Laurene Gramling Lambach is an adult citizen of the State of Wisconsin who resides at 16901 West Homestead Drive in New Berlin, Wisconsin 53151.

5. Plaintiff Chris R. Lambach is an adult citizen of the State of Wisconsin who resides with his wife, Laurene Gramling Lambach, at 16901 West Homestead Drive, New Berlin, Wisconsin 53151.

6. The defendant, Brian Conte, at all times material hereto, was acting as a detective for the Milwaukee County Sheriff's Department and in his official capacity. Upon information and belief, he is a citizen of the State of Wisconsin with his principal place of business located at the Milwaukee County Sheriff's Office, 821 West State Street, Milwaukee, Wisconsin 53233.

7. The defendant, Milwaukee County, at all times material hereto, is a duly organized governmental body existing under the laws of the State of Wisconsin with its principal offices located at 901 North Ninth Street, Milwaukee, Wisconsin 53233.

## V. FACTS

8. On and prior to November 19, 2018, defendant, Brian Conte, had conversations and received information from a confidential informant, who, upon information and belief, had no prior dealings with Detective Conte and who described actions undertaken by plaintiff, Laurene Gramling Lambach, as the executive director of two (2) social service agencies that had recently combined, to wit: SET Ministry, Inc. and Milwaukee Interfaith Older Adult Programs, Inc. which were combined into UNISON, Inc.. When the two (2) social services merged to form UNISON,

Inc., Laurene Gramling Lambach was appointed as the Executive Director of the combined organizations. Prior to that time, Laurene Gramling Lambach was the chief executive of SET and the merged companies made her the chief executive officer as well.

9. At all times relative hereto, Laurene Gramling Lambach was well-known in the community as one of the top social service agency leaders and was well-qualified to lead significant social service agencies in Milwaukee and Wisconsin.

10. Detective Brian Conte obtained search warrants as a result of his Affidavit on November 19, 2018 alleging theft by fraud somehow having been committed by Laurene Gramling Lambach.

11. On November 20, 2018, defendant Brian Conte, with other members of the sheriff's department, executed a search warrant interrupting a meeting at UNISON which was to solicit United Way pledges from the employees of the agency. The search warrant application relied on a confidential informant and in the application for said warrant, Detective Conte did not state anything about either the reliability of the informant or the manner by which Laurene Gramling Lambach may have committed fraud.

12. Laurene Gramling Lambach did not commit fraud, has never been charged and received nothing of value from the agency or its predecessors other than her pay and benefits.

13. The search warrant application clearly alleges that Defendant Brian Conte believed Laurene Gramling Lambach had committed theft by fraud. However, no money had left the separate agencies or the combined agency to benefit plaintiff, Laurene Gramling Lambach.

14. Despite having no evidence that Laurene Gramling Lambach profited in any way, nor having even reviewed the records obtained in the various search warrants executed on

November 20, 2018, Detective Brian Conte arrested Laurene Gramling Lambach for theft by fraud and she was taken into custody and remained at the Milwaukee County jail from November 20, 2018 until she was released on November 21, 2018.

15. At the time of her arrest and while in custody, Laurene Gramling Lambach repeatedly requested of Detective Conte and other employees of the Milwaukee County Sheriff's Department that she be allowed to speak to counsel. Her request was refused.

16. When Laurene Gramling Lambach was arrested, there was no probable cause for her arrest, nor has there ever been probable cause to arrest her. Charges were never issued as a result of the execution of the search warrants because she did nothing wrong.

## VI. **FIRST CAUSE OF ACTION – 42 U.S.C. §1983: UNLAWFUL ARREST AND DETENTION**

17. Plaintiffs reallege and reincorporate herein by reference all the preceding allegations.

18. Laurene Gramling Lambach had a constitutionally protected right not to be unlawfully detained and arrested.

19. As set forth in the preceding paragraph, defendants Brian Conte and Milwaukee County unlawfully arrested and detained Laurene Gramling Lambach.

20. The defendants acted "under color of state law" 42 USC §1983 and the actions of the defendants constituted course of conduct and failure to act amounting to willful wanton and deliberate indifference to the rights, health, safety, and welfare of Laurene Gramling Lambach resulting in the depravation of her constitutional rights pursuant to the 4th, 5th, 6th, 8th and 14th Amendments of the United States Constitution and due process clause to the United States Constitution.

21. The acts and omissions of the defendants, as set forth above, violated the clearly established and well-settled federal constitutional rights of Laurene Gramling Lambach, due process of law under the 14th Amendment of the United States Constitution, and cruel and unusual punishment under the 8th and 14th Amendments to the United States Constitution because the defendants were deliberately indifferent to the rights of Laurene Gramling Lambach.

22. The actions and activities of defendant, Brian Conte, was malicious and/or reckless and done with deliberate indifference justifying an award of punitive damages to be determined.

### VII. SECOND CAUSE OF ACTION – 42 U.S.C. §1983: UNREASONABLE SEARCH

23. Plaintiffs reallege and reincorporate herein by reference all the preceding allegations.

24. Laurene Gramling Lambach had a constitutionally protected right to be free from unreasonable searches and seizures.

25. As set forth in the preceding paragraphs, the named defendants deprived Laurene Gramling Lambach of her constitutionally protected right to be free from unreasonable searches and seizures.

26. The defendants intentionally caused the deprivation of Laurene Gramling Lambach's right to be free from unreasonable searches and seizures.

27. At all times relative hereto, the defendants acted under "color of state law".

28. The defendants' unreasonable search and seizure constituted a course of conduct and failure to act amounting to willful wanton and deliberate indifference to the rights, health, safety and welfare of Laurene Gramling Lambach resulting in the deprivation of her constitutional right pursuant to the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution and the due process clause of the United States Constitution.

29. The acts and omissions of defendant Brian Conte violated the clearly established and well-settled federal constitutional rights of Laurene Gramling Lambach, that is, due process of law under the 14th Amendment to the United States Constitution and cruel and unusual punishment under the 8th and 14th Amendments to the United States Constitution because each and every act described herein and occasioned by Brian Conte was deliberately indifferent to the rights of Laurene Gramling Lambach. The actions and activities of the above-named defendant, Brian Conte, were malicious and reckless and done with deliberate indifference thereby justifying an award of punitive damages.

### VIII. FOURTH CAUSE OF ACTION – 42 U.S.C. 1983: FALSE IMPRISONMENT

30. Plaintiffs reallege and reincorporate herein by reference all the preceding allegations.

31. Laurene Gramling Lambach had a constitutionally protected right to be free from unlawful arrest.

32. As set forth in the preceding paragraphs, the defendant, Brian Conte, unlawfully arrested Laurene Gramling Lambach,

33. Defendant, Brian Conte, at all times relative hereto, acted under "color of state law".

34. That the acts and omissions of defendant, Brian Conte, constituted a course of conduct and failure to act amounting to willful wanton and deliberate indifference to the rights, health, safety and welfare of Laurene Gramling Lambach resulting in the deprivation of her constitutional rights pursuant to the 4th, 5th, 6th, 8th and 14th Amendments of the United States Constitution and the due process clause to the United States Constitution.

35. The acts and omissions of defendant, Brian Conte, as set forth above, violated the clearly established and well-settled federal constitutional rights of Laurene Gramling Lambach, that is, due process of law under the 14th Amendment of the United States Constitution and cruel and unusual punishment under the 8th and 14th Amendments to the United States Constitution inasmuch as the actions of defendant, Brian Conte, were deliberately indifferent to the rights of Laurene Gramling Lambach.

36. That the actions and activities of defendant, Brian Conte, were malicious and/or reckless and done with deliberate indifference justifying an award of punitive damages to be determined.

### IX. FIFTH CAUSE OF ACTION – 42 U.S.C. §1983: FALSE IMPRISONMENT

37. Plaintiffs reallege and reincorporate herein by reference all the preceding allegations.

38. That Laurene Gramling Lambach had a constitutionally protected right not to be falsely imprisoned.

39. That as set forth in the preceding paragraphs, defendant, Brian Conte, falsely imprisoned Laurene Gramling Lambach.

40. That defendant, Brian Conte, intentionally did so and at all times relative hereto, acted under "color of state law".

41. That the above acts and omissions of Brian Conte constitute a course of conduct and failure to act amounting to willful wanton and deliberate indifference to the rights, health, safety and welfare of Laurene Gramling Lambach resulting in the deprivation of her constitutional rights pursuant to the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution and the due process clause to the United States Constitution.

42. The acts and the omissions of defendant, Brian Conte, as set forth above, violate the clearly established and well-settled federal constitutional rights of Laurene Gramling Lambach, that is, due process of law under the 14th Amendment of the United States Constitution and cruel and unusual punishment under the 8th and 14th Amendments to the United States Constitution because defendant, Brian Conte, was deliberately indifferent to the rights of Laurene Gramling Lambach.

43. That the actions and activities of defendant, Brian Conte, were malicious and/or reckless and done with deliberate indifference justifying an award of punitive damages to be determined.

## X. SIXTH CAUSE OF ACTION – 42 U.S.C. §1983: DENIAL OF RIGHT TO COUNSEL

44. Plaintiffs reallege and reincorporate herein by reference all the preceding allegations.

45. That the conduct and policy of the defendants, as set forth in the preceding paragraphs, resulted in the denial of plaintiff's right to counsel.

46. The above acts and omissions of the defendants constitute a course of conduct and failure to act amounting to willful wanton and the deliberate indifference to the rights, health, safety and welfare of Laurene Gramling Lambach resulting in the deprivation of her constitutional rights pursuant to the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution and the due process clause of the United States Constitution.

47. The acts and omissions of the defendants as set forth above violated the clearly established and well-settled federal constitutional rights of the plaintiffs, i.e., due process of law under the 14th Amendment of the United States Constitution and cruel and unusual punishment under the 8th and 14th Amendments to the United States Constitution because the defendants, individually and jointly, were deliberately indifferent to the rights of the plaintiffs.

48. That the actions and activities of each of the defendants were malicious and/or reckless and done with deliberate indifference justifying an award of punitive damages to be determined by the jury.

## XI. SEVENTH CAUSE OF ACTION – WIS. STATS. §895.46: INDEMNIFICATION AGAINST MILWAUKEE COUNTY

49. Plaintiffs reallege and reincorporate herein by reference all the preceding allegations.

50. At all times relative hereto, defendants were carrying out their duties as deputy sheriffs and/or agents of the Milwaukee County Sheriff's Department and were acting within the scope of their employment with Milwaukee County. That the conduct of defendant, Brian Conte, as set forth in the preceding paragraphs, as well as others currently unknown to your plaintiffs, resulted in the arrest of Laurene Gramling Lambach without probable cause, as set forth above.

51. Milwaukee County is therefore liable pursuant to Wis. Stats. §895.46 for any judgment entered against the defendant, Brian Conte, and any of its agents, employees and/or deputy sheriffs in this action because at all times material hereto, Brian Conte and the others were carrying out duties as a Milwaukee County Sheriff's Department officer and/or agent and acting within the scope of employment with the county.

## XII. DAMAGES—LAURENE GRAMLING LIMBACH

52. Plaintiffs reallege and reincorporate herein by reference all the preceding allegations.

53. As a result of the foregoing, Laurene Gramling Lambach was incarcerated, lost her job, and was subjected to community ridicule as a result of the well-publicized events of her arrest and detention as well as the subsequent investigation.

54. As described herein, plaintiff, Laurene Gramling Lambach, suffered pain, anxiety, and psychological and physical injuries due to the arrest, detention and publicity caused by that illegal arrest and detention.

55. Numerous articles appeared in the local newspapers, local television news shows, and discussions were had on radio talk shows thereby exposing Laurene Gramling Lambach with further scorn and ridicule in the community. She was also scorned on social media. The significant publicity has had a devastating effect on her employment as she lost her job and, with minor exceptions, she has not had the opportunity to work since then, despite making significant efforts to obtain employment which has cost her substantial income and benefits from the time of her illegal arrest and through today. In addition, she has been subjected to significant public ridicule and scorn.

56. Laurene Gramling Lambach suffered the aforementioned damages as a result of the defendant, Brian Conte, having acted under "color of state law" within his jurisdiction and during the course of his employment.

57. Because Laurene Gramling Lambach has been unable to obtain any comparable employment, much less any employment, she is thereby entitled to an award of past and future lost wages, and she will be so affected for the rest of her life.

58. Plaintiff, Laurene Gramling Lambach, also suffered mental and physical injuries as a result of the afore-described actions of the defendants; including but not limited to psychological and physical illness which required treatment and will require treatment into the future.

59. In addition to the foregoing, Laurene Gramling Lambach has suffered past and possibly future medical expense.

## XIII. DAMAGES—CHRIS R. LAMBACH

60. Plaintiff, Chris R. Lambach, is joined in this action inasmuch as he is the spouse of plaintiff, Laurene Gramling Lambach, and has been deprived, as a result of the actions of the defendant, Brian Conte, of the love, society and companionship of his wife, Laurene Gramling Lambach and will be so deprived into the future thereby entitling Plaintiff Chris R. Lambach to compensatory damages in an undetermined amount.

WHEREFORE, these plaintiffs demand judgment against the defendants as follows:

a. In favor of plaintiffs and against defendants as set forth herein for compensatory and special damages;

b. In favor of the plaintiffs and against defendants for punitive damages;

c. In favor of the plaintiffs and against the defendant, Milwaukee County, as set forth in the previous paragraphs for its liability pursuant to Wis. Stats. §895.46.

d. For the costs, disbursements, interest and actual attorney's fees as permitted pursuant to Title 42 of the United States Code §1988 and for such other and further relief as the Court deems just.

e. Plaintiffs hereby demand a trial by jury of this action.

Dated this 3rd day of September, 2021.

TERSCHAN, STEINLE, HODAN & GANZER, LTD.
ATTORNEYS FOR PLAINTIFFS

BY: *[signature]*
MICHAEL J. GANZER
STATE BAR NO. 1005631

**P. O. ADDRESS:**
309 NORTH WATER STREET
SUITE 215
MILWAUKEE, WI 53202
414-258-1010